## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION

| | |
|---|---|
| Santos A. Aguilar, both individually, and on behalf of those similarly situated, | ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| Star Wireless LLC, | ) |
| Defendant. | ) |

**PLAINTIFF'S ORIGINAL COLLEECTIVE ACTION COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff Santos A. Aguilar, both individually, and on behalf of those similarly situated, ("Plaintiff"), brings this action against Defendant Star Wireless LLC ("Defendant"), and in support thereof, would show the Court as follows:

**Introduction**

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq. Plaintiff seeks damages for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

**Jurisdiction, Venue, and Parties**

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their construction business in Harris County, Texas.

4. Plaintiff is an individual who resides in Harris County, Texas.

5. Defendant is a limited liability company oorganized under the laws of Texas; at all relevant times, it operated his business in Harris County, Texas.

**Facts Common to All Claims**

6. Defendant is an employer as defined by 29 U.S.C. § 203(d); Defendant had and has employees subject to the provisions of 29 U.S.C. § 206.

7. Defendant is also an "employer" as that term is defined in Section 203 of the FLSA because (1) it had the power to direct and supervise Plaintiff's work, as well as the work of the members of the proposed collective; (2) it had the authority to hire and fire Plaintiff, as well as members of the proposed collective; and (3) it had the power to enact and implement compensation policies for its workers, including Plaintiff.

8. Defendant's maintenance workers, including Plaintiff, maintain, repair, and/or operate its telecommunications equipment and towers, both regularly and in emergency situations.

9. On information and belief, there are approximately 50 maintenance-employees for Defendant in Texas.

10. At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.

11. Plaintiff worked for Defendant in maintaining and repairing telecommunications equipment for Defendant.

12. Plaintiff and members of the proposed collective were at all times materially individually engaged in interstate commerce, as his/her work was directly involved with using materials and goods which traveled across state lines.

13. Defendant has engaged in a compensation practice whereby it pays Plaintiff and members of the proposed collective a flat salary each week; Defendant did not pay Plaintiff and members of the proposed collective on an hourly basis.

14. Plaintiff and members of the proposed collective regularly worked in excess of 40 hours per week.

15. Defendant failed to pay Plaintiff and members of the proposed collective time and a half for the hours they worked in excess of 40 hours per week.

16. Plaintiff and members of the proposed collective time are not exempt workers under the FLSA.

**Collective Action Allegations**

17. Plaintiff brings this collective action for himself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages and other damages related to Defendant's violation of the FLSA.

18. Plaintiff pursues the requested relief on behalf of the following proposed Collective:

> All individuals who currently work, or have worked, for Defendant, who have not received time and a half wages for hours worked in excess of 40 hours in a week.

19. Plaintiff is a member of the collective s/he seeks to represent, because s/he was denied time and a half for hours worked over 40 in any individual week.

20. This action may be properly maintained as a collective action because Plaintiff and the members of the collective are similarly situated.

21. Plaintiff estimate that the collective, including both current and former employees over the relevant period, will include at least fifty members. The precise number of Collective Members should be readily available from Defendant's personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and via electronic mail.

22. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**Count 1 – Violations of FLSA**

23. Plaintiff incorporates paragraphs 1-22 above as par. 23 herein.

24. Plaintiff alleges the following related to his employment with Defendant:

a) s/he began working in October 2021 and is currently working for Defendant;

b) on average he worked 84-92 hours per week;

c) from October 2021 until April 2022, her/his weekly salary was $700.00; since May 2022, her/his weekly salary has been $1,000.00;

d) s/he did not receive time and a half for hours he worked in excess of 40 in any work week; and

e) Defendant failed to pay Plaintiff the legally required minimum wage

25. On information and belief, Plaintiff's rate of pay and amount of hours worked is commensurate with the rates of pay paid to members of the proposed collective and the hours worked by the proposed collective.

26. Throughout the employment of Plaintiff and the collective, Defendant repeatedly and willfully violated Sections 7 and 15 of the FLSA by failing to compensate Plaintiff and the collective at a rate not less than one and one-half times his/her regular pay rate of pay for each hour worked in excess of 40 hours in a workweek.

27. Throughout the employment of Plaintiff and the collective, Defendant repeatedly and willfully violated the FLSA by failing to compensate Plaintiff and the collective at the legally-required minimum wage.

28. As a result of Defendant's unlawful conduct, Plaintiff and the collective are entitled to actual and compensatory damages, including the amount of overtime and minimum wages that should have been paid but were not paid.

29. Defendant failed to act reasonably to comply with the FLSA, and as such, Plaintiff and the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

30. Plaintiff and the collective are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

31. For Plaintiff alone, Defendant failed to properly pay wages to Plaintiff in an amount in excess of $8,600.00

32. Defendant's failure to pay Plaintiff and the collective proper minimum and overtime wages was a willful violation the FLSA. Defendant knew that its workers worked in excess of 40 hours in a week; Defendant was aware that the maintenance and repair workers like Plaintiff were non-exempt under the FLSA; and Defendant knew that Plaintiff and the collective were not being compensated properly.

33. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) at least $8,600.00 in damages for Plaintiff alone; (ii) at least $8,600.00 in liquidated damages for Plaintiff alone; (iii) commensurate damages for any members of the proposed collective who opt-in to this lawsuit; and (iv) Plaintiff's attorney's fees and costs, to be determined.

34. Plaintiff has retained the law firm of Justicia Laboral LLC to represent him/her in this action. Plaintiff has entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

**Request for Relief**

WHEREFORE, Plaintiff respectfully prays for an Order:

a. Requiring Defendant to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant as non-exempt workers, but for whom Defendant provided

a weekly salary and/or for whom Defendant failed to remit 1½ times their regular hourly rate for all time worked in excess of 40 hours per week, during the applicable statute of limitations period;

b. Authorizing Plaintiff's counsel to issue a notice informing collective members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

c. Issuance of a declaratory judgment that the practices complained of in this Collective Action are unlawful;

d. Finding that Defendant willfully violated the applicable wage provisions of the FLSA and by failing to pay all required wages to Plaintiff and Collective Members;

e. Granting judgment in favor of Plaintiff and the Collective Members on their FLSA claims;

g. Awarding compensatory damages to Plaintiff and the Collective Members in an amount to be determined;

h. Awarding pre-judgment and post-judgment interest to Plaintiff and the Collective Members;

i. Awarding liquidated damages to Plaintiff and the Collective Members;

j. Awarding all costs and reasonable attorney's fees incurred prosecuting the claims;

k. Awarding reasonable incentive awards to the Named Plaintiff to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

l. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

m. Awarding any further relief the Court deems just and equitable; and

n. Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

**Plaintiff(s) request trial by jury for all counts where allowed**

s/   James M. Dore

**Justicia Laboral LLC**
James M. Dore (TX Bar # 24128272)
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-415-4898
E: jdore@justicialaboral.com