# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION

| | | |
|---|---|---|
| Santos A. Aguilar, both individually, and on behalf of those similarly situated, | ) ) | Judge Rosenthal |
| Plaintiff, | ) | |
| v. | ) | 4:22-cv-02146 |
| | ) | |
| Star Wireless LLC, | ) | |
| Defendant. | ) | |

## JOINT MOTION TO APPROVE THE PARTIES' SETTLEMENT AGREEMENT

Plaintiff Santos A. Aguilar, both individually, and on behalf of those similarly situated, (Aguilar") and Defendant Star Wireless LLC ("Star Wireless") (collectively, the "Parties") file this Joint and Agreed Motion to Approve the Parties' Settlement Agreement. In support thereof, the Parties would show the Court the following:

On June 29, 2022, Aguilar filed his Original Complaint against Star Wireless, under the Fair Labor Standards Act (the "FLSA") seeking unpaid wages and attorney's fees. While recognizing the existence of a bona fide dispute over the validity of Aguilar's claim for unpaid wages, the Parties were able to negotiate a settlement agreement that they believe is fair and reasonable and represents a reasonable compromise of the disputed issues in this case.

Whether Parties can settle claims under the FLSA without court approval is unsettled in the Fifth Circuit.[1] Because of the unsettled nature of the law, the Parties request—in an abundance of caution—that the Court review and approve the settlement agreement at issue.[2] To

---

1   See *Apollo Strong v. Marathon Res. Mgmt. Group, LLC*, No. 1:18-CV-634-RP, 2020 WL 12597672, at *2 (W.D. Tex. Feb. 26, 2020) ("the ambit of the FLSA vis-à-vis dismissals without judicial review of settlement agreements in the Fifth Circuit is not strictly defined like it is elsewhere.") (citing *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012)).

2   See *id.* ("The Court agrees that its review and approval is appropriate, if not mandatory.") (citing *Trevino v. Colt Oilfield Servs., LLC*, No. 5-18-CV-01304-FB-RBF, 2019 WL 3816302, at *1–2 (W.D. Tex. May 6, 2019) ("Given the uncertainty regarding the reach of *Martin*, given further that the parties here are requesting that their proposed agreement be reviewed, and finally given that district court[s]

that end, the Parties request that the Court allow them to present a copy of the proposed Settlement Agreement for in-camera review at the Parties' upcoming initial conference.[3]

Accordingly, the Parties respectfully request the Court enter an order approving the Parties Settlement Agreement and dismissing the claims raised against Star Wireless under the FLSA.

Respectfully submitted,

**JUSTICIA LABORAL LLC**
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
Phone: 773-415-4898

By: /s/ James Dore
James M. Dore
State Bar No. 24128272
jdore@justicialaboral.com

**ATTORNEYS FOR PLAINTIFFS**

**WITTLIFF | CUTTER PLLC**
1209 Nueces Street
Austin, Texas 78701
Telephone: (512) 960-4162

By: /s/ Jennifer Rappoport
Jennifer Rappoport
State Bar No. 24072761
jennifer@wittliffcutter.com
Joshua A. Kelly
State Bar No. 24116605
joshua@wittliffcutter.com

**ATTORNEYS FOR DEFENDANTS**

---

in this Circuit continue to review FLSA settlements, the undersigned will review the parties' proposed settlement for reasonableness in this case.")).

[3] *Id.* at *2 n.1 (W.D. Tex. Feb. 26, 2020) ("However, district courts in the Fifth Circuit typically permit in camera review."); *see also Diaz v. Panhandle Maint., LLC*, No. 2:18-CV-097-Z, 2020 WL 587644, at *4 (N.D. Tex. Feb. 6, 2020); *Espinosa v. Stevens Tanker Div., LLC*, No. SA-15-CV-879-XR, 2018 WL 8017210, at *1–2 (W.D. Tex. Jan. 19, 2018).